UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(Manhattan Division)

| | |
|---|---|
| CVP II, LLC, | Case No. |
| Plaintiff, | |
| vs. | |
| | COMPLAINT |
| TATYANA DESIGNS, INC. and DTG NEW YORK MANAGEMENT, LLC, | |
| Defendants, | |

NOW COMES Plaintiff, CVP II, LLC, by and through its counsel, Cyruli Shanks Hart & Zizmor, LLP, hereby states as follows for its Complaint against Defendants, Tatyana Designs, Inc. and DTG New York Management, LLC:

## PARTIES

1. Plaintiff, CVP II, LLC ("Plaintiff") is a Delaware limited liability company organized under the laws of the State of Delaware and authorized to do business within the State of New York with its principal place of business at 671 N. Glebe Road, Suite 800, Arlington, Virginia 22203.

2. Defendant, Tatyana Designs, Inc. ("Guarantor") is a foreign corporation incorporated in the State of Nevada and upon information and belief has its principal place of business and headquarters at 980 American Pacific Dr., #100, Henderson, Nevada 89014.

3. Defendant, DTG New York Management, LLC ("Tenant") is a limited liability company organized and existing under the law of the State of New York with a place of business located in the County, City, and State of New York.

## BACKGROUND

4. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs one through three above, as if fully set forth at length herein.

5. On or about October 10, 2012, Tenant, as tenant, and Plaintiff, as landlord, entered into a written lease agreement (hereinafter referred to as the "Lease"), for a term commencing on November 1, 2012, with rent commencing on March 1, 2013, and the term of lease expiring on March 31, 2023 under the terms, conditions and covenants contained therein, for certain retail premises located at 11 East First Street, New York, New York, 10003 ("Premises").

6. In addition to Tenant executing the Lease, Guarantor executed a guaranty dated October 10, 2012 (the "Guaranty") in favor of Plaintiff and its successors and assigns.

7. Tenant abandoned the Premises on or about February 4, 2016.

8. Tenant has failed to pay Rent under the lease (as the term "Rent" is defined in the Lease) through May 2016 in the sum of $149,716.99.

9. In addition, Tenant consented to a money judgment in the sum of $117,936.20, entered in the Civil Court of the City of New York in favor of Plaintiff and against Tenant (in a proceeding filed under Civil Court of the City of New York, County of New York, L&T Index #050999-16/NY) for Rent through February 2016.

10. Plaintiff performed its obligations under the Lease.

11. In the Guaranty, Guarantor absolutely and unconditionally guaranteed the full and prompt payment by Tenant of all amounts due under the Lease, including but not limited to Tenant's arrears of Rent under the Lease.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (b) because the matter in controversy exceeds the sum of $75,000, and there is complete diversity with all parties with respect to these claims.

13. Venue is properly laid pursuant to 28 U.S.C. § 1391(b)(2) because: a substantial part of the events giving rise to the claims occurred in, and the Premises are located in, the Southern District of New York.

## COUNT I

14. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs one through thirteen above, with the same force and effect as if fully set forth at length herein.

15. Pursuant to the Lease, Tenant failed to pay Rent and Additional Rent due for the period through May 2016 in the sum of $149,716.99.

16. Plaintiff performed its obligations under the Lease.

17. By reason of the foregoing, Tenant is liable to Plaintiff in the sum of $149,716.99 plus statutory interest from May 23, 2016.

## COUNT II

18. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs one through seventeen above, with the same force and effect as if fully set forth at length herein.

19. Pursuant to the Lease, should Tenant default, including but not limited to Tenant's abandonment of the Premises, Tenant shall pay to Landlord the sum of all Rent and other

charges which had been earned through the date of judgment, plus all Rent and other charges due under the Lease from the date of judgment through the expiration date of the lease

20. Tenants abandoned the Premises on February 4, 2016 and the Lease's expiration date is March 31, 2023.

21. Plaintiff performed its obligations under the Lease.

22. The Premises have not been re-let.

23. By reason of the foregoing, Tenant is liable to Plaintiff in the sum of $2,226,493.19, representing Rent due under the Lease through March 31, 2023, plus statutory interest from May 23, 2016.

### COUNT III

24. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs one through twenty-three above with the same force and effect as if fully set forth at length herein.

25. As stated above, on October 10, 2012 Guarantor executed a Guaranty in favor of Plaintiff, in which Guarantor unconditionally and irrevocably guaranteed the full and prompt payment by Tenant of all amounts due under the Lease, including Tenant's failure to pay Rent due for the period through May 2016 in the sum of $149,716.99.

26. By reason of the foregoing, Guarantor is liable to Plaintiff in the sum of $149,716.99 plus statutory interest from May 23, 2016.

### COUNT IV

27. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs one through twenty-six above with the same force and effect as if fully set forth at length herein.

28. Should Tenant default under the Lease, the Guaranty states Guarantor will be held liable for all terms in the place and stead of Tenant, including, in an event of default, Tenant's payment to Landlord the sum of all Rent and other charges which had been earned through the date of judgment, plus all Rent and other charges due under the Lease from the date of judgment through the expiration date of the lease

29. Tenant abandoned the Premises on February 4, 2016 and the Lease's expiration date is March 31, 2023.

30. Plaintiff performed its obligations under the Lease.

31. The Premises have not been re-let.

32. By reason of the foregoing, Guarantor is liable to Plaintiff in the sum of $2,226,493.19, representing Rent through March 31, 2023, plus statutory interest from May 23, 2016.

### COUNT V

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs one through thirty-two above with the same force and effect as if fully set forth at length herein.

34. Pursuant to the Lease and the Guaranty, Plaintiff is entitled to recover as damages from Tenant and Guarantor, jointly and severally, for all costs, expenses, interest and attorneys' fees incurred in relation to this action in an amount to be determined at trial.

35. By reason of the foregoing, Tenant and Guarantor are liable to Plaintiff for all costs, expenses, interest and attorneys' fees incurred in relation to this action in an amount to be determined at trial.

**WHEREFORE**, plaintiff CVP II, LLC demands judgment as follows:

1) On the first cause of action against defendant DTG New York Management, LLC in the amount of $149,716.99 with interest from May 23, 2016.

2) On the second cause of action against defendant DTG New York Management, LLC in the amount of $2,226,493.19, with interest from May 23, 2016.

3) On the third cause of action against defendant Tatyana Designs, Inc. in the amount of $149,716.99 with interest from May 23, 2016.

4) On the fourth cause of action against defendant Tatyana Designs, Inc. in the amount of $2,226,493.19 with interest from May 23, 2016.

5) On the fifth third cause of action against both Defendants, jointly and severally, for all costs, expenses, interest and attorneys' fees incurred in relation to this action in an amount to be determined at trial, plus statutory costs, interest and disbursements together with such other and further relief as to this court may seem just and proper.

Dated: New York, New York
May 24, 2016

Andrew C. Pistor, Esq. (AP-6393)
**CYRULI SHANKS HART & ZIZMOR, LLP.**
420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800 (phone)
(212) 661-5350 (facsimile)
Apistor@cshzlaw.com
*Counsel for the Plaintiff*